UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

DARRYL R. DUNCAN,
   Plaintiff,

vs.                                       No. 07-4028

GUY PIERCE, et al.,
   Defendants.

CASE MANAGEMENT ORDER #1

      This cause is before the court for merit review of the plaintiff's complaint. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

      The plaintiff, Darryl Duncan, filed his complaint pursuant to 42 U.S.C. §1983 claiming that his constitutional rights were violated at the Pontiac Correctional Center. The plaintiff has named twenty defendants including Illinois Department of Corrections Deputy Director Guy Pierce, Warden Gene Jungwirth, Assistant Warden Tod Vanwolvelare, Assistant Warden Steven Ballard, Medical Administrator Andrea Lashbrook, Medical Director William Rankin, Psychologist Frainey, Nurse Newton, Officer Collins, Lieutenant Davis, Transfer Coordinator Edward McNeil, Grievance Officer Tod Coder, Lieutenant Gonzales, Administrative Review Board Member Terri Anderson, Officer Pitts, Officer Oleson, Major G. Ricke, Lieutenant Guy Johnson, Ground Maintenance Supervisor Scott Johnson and Lieutenant Hart.

      The plaintiff's 17 page complaint rambles at times and is somewhat difficult to follow. However, it is clear the plaintiff has made the following allegations:

1) JOB INJURY

      The plaintiff states that his big toe on his left foot has been amputated and this made it difficult for him to perform his prison job of cutting grass. On June 5, 2006, the plaintiff reported the problem to Supervisor Scott Johnson. The plaintiff asked to be assigned to another job and Defendant Johnson stated "we will see." (Comp, p. 8) The plaintiff then went to Dr. Rankin and asked for a job restriction, but his request was denied.

      On June 13, 2006, the plaintiff again asked Supervisor Johnson for a job transfer. His request was denied and he was told if he did not comply with his job assignment he would be

1

taken to segregation. The plaintiff says he attempted to do his job but fell and injured his left arm. The plaintiff says he was given a "medical lay-in" for the rest of the day. *Id.* The plaintiff has adequately alleged that Defendants Scott and Rankin were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment.

2) MEDICAL CO-PAYMENT AND MEDICAL CARE, 2006.

On June 14, 2006, the plaintiff says he reported back to the medical unit for follow up treatment and Dr. Rankin put the plaintiff on a medical restriction. The plaintiff was not to do any work with his injured left hand from June 15, 2006 to June 21, 2006.

The plaintiff says he was charged $2.00 in a medical co-payment that he should not have been charged for follow up care. He was eventually reimbursed for this charge, but says he was charged a second time for additional medical treatment.

The plaintiff says he filed a grievance concerning the medical co-payment and the adequacy of his medical care. The plaintiff says he asked for a C.A.T. scan and cholesterol testing, but his requests were refused. The plaintiff says a doctor did order an X-ray of his injury.

The plaintiff says his Grievance was ultimately denied by Defendants Coder, Lashbrook , Jungwirth and Anderson. The plaintiff says the denial of his grievance contained some misinformation including which correctional center he was housed in. The plaintiff alleges that the defendants violated his Eighth and Fourteenth Amendment rights.

The plaintiff has failed to state a claim upon which relief can be granted. The plaintiff must pass both an objective and a subjective test in order to establish that the defendants violated the Eighth Amendment. *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981); *Wilson v. Seiter,* 501 U.S. 294, 297 (1991). The plaintiff must first demonstrate that the alleged deprivation was sufficiently serious. *Id*. The plaintiff must also show that the defendants acted with deliberate indifference.  *Farmer v. Brennan*, 511 U.S. 825, 828 (1994).

"[A] finding of deliberate indifference requires evidence that the official was aware of the risk and consciously disregarded it nonetheless." *Mathis v. Fairman*, 120 F.3d 88, 91 (7th Cir. 1997)(citing *Farmer* at 840-42)  Inadequate medical treatment due to negligence or even gross negligence does not support an Eighth Amendment violation. *Shockley v Jones*, 823 F.3d 1068, 1072 (7th Cir. 1987). In addition, inmates are not entitled to a specific type of treatment, or even the best care, only reasonable measures to prevent a substantial risk of serious harm. *Forbes v. Edgar,* 112 F.3d, 262, 267 (7th Cir. 1997). The plaintiff is not entitled to a C.A.T scan or cholesterol testing simply because he requested it.   The plaintiff has also failed to articulate a violation of his Fourteenth Amendment rights.

3)  MEDICAL CO-PAYMENT AND MEDICAL CARE, 2007.

2

The plaintiff says on March 12, 2007 he was in need of medical care for "terrible pain" which eventually developed into chest pains.(Comp, p. 11)  The plaintiff says he requests for medical care were ignored by Defendants Collins, Lieutenant Davis and Nurse Newton.  The plaintiff was eventually admitted to the medical segregation unit where he received care from Dr. Rankin.

The plaintiff appears to be claiming he was also written a disciplinary ticket on this day.  However, it is unclear from the complaint why he received a ticket or what eventually happened with this ticket.  This issue can be more clearly addressed during the discovery process.  The plaintiff says that Defendants Ricke, Guy Johnson and Vanwolvelare signed off on this ticket even though it was obvious the plaintiff needed medical care.  Again, it is not entirely clear how the ticket relates to the plaintiff's claim that he needed medical care or if these defendants knew the plaintiff was requesting medical care during the relevant time period.

The plaintiff does not deny that he did receive medical care on March 12, 2007.  He is claiming that there was a delay in receiving this care on March 12, 2007 and that the care was not adequate.   The court will find for the purpose of notice pleading that the plaintiff has alleged a violation of his Eighth Amendment rights.  However, the plaintiff is advised that "an inmate who complains that delay in medical treatment rose to constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment to succeed." *Langston v Peters*, 100 F.3d 1235, 1240 (7th Cir. 1996).

4) INHUMANE LIVING CONDITIONS

The plaintiff alleges that twice he was put in medical segregation without running water and a toilet.  The plaintiff says he was denied anything to drink and had to urinate on the floor.  The plaintiff says he was placed in the cell by Defendant Oleson on March 12, 2007 and by Defendants Oleson and Pitts on March 20 to March 23, 2007.   The plaintiff has stated a violation of his Eighth Amendment rights based on the living conditions in the cell.

5) LEGAL PAPERS

The plaintiff states he asked Defendants Hart and Ballard for his legal documents when he was released from medical segregation on March 13, 2007, but did not receive his documents until March 30, 2007.   The plaintiff says he also asked Defendant Hart for legal aid, but was told there was no legal aid for inmates in segregation.

The plaintiff has failed to state a violation of his constitutional rights.   An inmate alleging denial of access to the courts lacks even the standing to assert such a claim in the absence of actual injury, which means an adverse decision in, or inability to litigate, some concrete legal claim.  *Lewis v. Casey*, 518 US. 343, 116 S. Ct. 2174, 2180 (1996).  The plaintiff has also failed to articulate any other constitutional violation based on the delay in receiving his legal documents or the denial of a legal aid.

6) RETALIATION

The plaintiff appears to be claiming that some of the defendants retaliated against him, but his complaint is difficult to decipher. The plaintiff alleges that Defendants Dr. Frainey and Dr. Rankin claimed the plaintiff was threatening to kill himself. Apparently this is why the plaintiff was placed in a medical segregation cell, although this is not at all clear from the plaintiff's complaint. The plaintiff says this was a lie the defendants used in retaliation for the grievances he filed. The plaintiff also says he was also denied work release in retaliation for his grievances by Defendants McNeil, Pierce and Ballard.

For the purposes of notice pleading, the court will find the plaintiff has stated a retaliation claim against these defendants. The plaintiff also alleges the defendants actions violated his Eighth and Fourteenth Amendment rights, but he has failed to articulate these violations.

7) EXHAUSTION OF ADMINISTRATIVE REMEDIES.

The court notes that the plaintiff claims he has fully exhausted his administrative remedies, but several of his claims occurred just one month before he signed his complaint on April 25, 2007. Failure to exhaust administrative remedies as required is an affirmative defense. Therefore, if the plaintiff has failed to exhaust, the defendants should file a motion for summary judgement on the relevant claims.

**IT IS THEREFORE ORDERED:**

**1) Pursuant to its merit review of the complaint under 28 U.S.C. Section 1915A, the court finds that the plaintiff states the following federal claims against the defendants in their individual capacities:**

**a) Defendants Dr. Rankin and Scott Johnson were deliberately indifferent to the plaintiff's serious medical condition when they refused to reassign the plaintiff to different job on June 5 and June 13 of 2006.**

**b) Defendants Collins, Davis, Newton, Ricke, Guy Johnson and Vanwolvelare were deliberate indifference to the plaintiff's serious medical condition on March 12, 2007 in violation of the Eighth Amendment.**

**c) Defendants Oleson and Pitts violated the plaintiff's Eighth Amendment rights when they placed him in a cell without running water or toilet facilities on either March 12, 2007 or March 20 to March 23, 2007.**

**d) Defendants Dr. Frainey, Dr. Rankin, McNeil, Pierce and Ballard retaliated against the plaintiff for his grievances in violation of the First Amendment. The**

**plaintiff alleges that Defendants Dr. Frainey and Dr. Rankin provided false information so the plaintiff would be placed in medical segregation.  Defendants McNeil, Pierce and Ballard denied the plaintiff admission in a work release program.**

2)  All other claims based on federal law, other than those set forth in paragraph (1) above, are dismissed for failure to state a claim pursuant to 28 U.S.C. Section 1915A.  The clerk of the court is directed to dismiss defendants Jungwirth, Lashbrook, Coder, Gonzales, Anderson and Hart based on the merit review.

3)  This case shall proceed solely on those federal claims identified in paragraph one above.  Any claims not set forth in paragraph one above shall not be included in the case, except in the court's discretion on motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.

4) A Prisoner Scheduling Order shall be entered directing service and setting a Rule 16 conference date.

5)  A copy of this Case Management Order shall be served with the Complaint and Scheduling Order.

6)  The defendants shall file an answer to the claims outlined in this order within the time prescribed by Local Rule.  A motion to dismiss is not an answer.  The answer must be considered a responsive pleading under Federal Rule of Civil Procedure 15(a) and should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Case Management Order.

   Entered this 18th Day of July, 2007.


                              s\Harold A. Baker
                    _____
                              HAROLD A. BAKER
                       UNITED STATES DISTRICT JUDGE