UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

DARRYL DUNCAN,
    Plaintiff,

vs.                                07-4028

GUY PIERCE, et. al.,
    Defendants.

## CASE MANAGEMENT ORDER #1

This cause is before the court for case management and consideration of the plaintiff's motions for appointment of counsel [d/e 3, 16, 37]; motion for a temporary restraining order [d/e 17] and the plaintiff's motion to alter or amend judgement.[d/e 30]

BACKGROUND

The plaintiff, Darryl Duncan, originally filed his complaint pursuant to 42 U.S.C. §1983 against 20 defendants claiming that his constitutional rights were violated at the Pontiac Correctional Center. The court conducted a merit review of the plaintiff's complaint and found that he had the following surviving claims against the defendants in their individual capacities:

a) Defendants Dr. Rankin and Scott Johnson were deliberately indifferent to the plaintiff's serious medical condition when they refused to reassign the plaintiff to different job on June 5 and June 13 of 2006.

b) Defendants Collins, Davis, Newton, Ricke, Guy Johnson and Vanwolvelare were deliberate indifference to the plaintiff's serious medical condition on March 12, 2007 in violation of the Eighth Amendment.

c) Defendants Oleson and Pitts violated the plaintiff's Eighth Amendment rights when they placed him in a cell without running water or toilet facilities on either March 12, 2007 or March 20 to March 23, 2007.

d) Defendants Dr. Frainey, Dr. Rankin, McNeil, Pierce and Ballard retaliated against the plaintiff for his grievances in violation of the First Amendment. The plaintiff alleges that Defendants Dr. Frainey and Dr. Rankin provided false information so the plaintiff would be placed in medical segregation. Defendants McNeil, Pierce and Ballard denied the plaintiff admission in a work release program.

Defendants Jungwirth, Lashbrook, Coder, Gonzales, Anderson and Hart were dismissed.

## MOTION FOR APPOINTMENT OF COUNSEL

The plaintiff's motions for the appointment of counsel are denied [d/e 3, 16, 37];  Civil litigants have no federal right to appointed counsel.  The district court may request appointment of counsel under 28 U.S.C. § 1915(e)(1), but cannot force an attorney to accept appointment. *Luttrell v. Nickel*, 129 F.3d 933,  936 (7th Cir.1997).  To decide whether counsel should be requested, the court asks,  "'[G]iven the difficulty of the case, [does] the plaintiff appear to be competent to try it himself and, if not, would the presence of counsel [make] a difference in the outcome?'" *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995).  "Although a good lawyer may [do better than a *pro se* plaintiff], that is not the test, for if it was "'district judges would be required to request counsel for every indigent litigant.'" *Luttrell*, 129 F.3d at 936.  Though the case involves the plaintiff's medical treatment, at this point it does not appear so complex that the plaintiff is not competent to proceed pro se.  The difficulties faced by the plaintiff are the same faced by all pro se prisoners. Perhaps more importantly, the plaintiff has not shown enough factual merit to his claim of deliberate indifference to warrant an inference that counsel would make a difference in the outcome.

## MOTION FOR TEMPORARY RESTRAINING ORDER

The plaintiff has filed a motion for temporary restraining order because the defendants have refused to grant a transfer to work release, have given the plaintiff "menacing looks," have opened his legal mail and terminated his telephone privileges. (Mot., p. 1).

The prerequisites to the granting of a preliminary injunction or temporary restraining order are well established.  A plaintiff must demonstrate:  (1) a reasonable likelihood of success on the merits; (2) the inadequacy of a remedy at law; (3) the existence of irreparable harm if the injunction is not issued; (4) the threat of harm to the plaintiff outweighs the threatened harm to the defendant if the injunction were issued; and (5) the granting of a preliminary injunction will not disserve the public interest.  *Somerset House, Inc. v. Turnock*, 900 F.2d 1012, 1014-15 (7th Cir. 1990).   The plaintiff must satisfy each of these elements to prevail. *Id.* at 1015.

The plaintiff has not met his burden.  In addition, many of the plaintiff's requests ask the court to exercise its equity powers to intervene in matters of prison administration that largely rest within the discretion of the state officials who run the prison.  The plaintiff must take full advantage of the resources those officials provide for addressing inmate concerns. *See Farmer V. Brennan,* 114 S.Ct. 1970, 1984 (1994).  The motion for a temporary restraining order is denied. [d/e 17]

## MOTION TO AMEND OR ALTER JUDGEMENT

The plaintiff has filed a motion to amend or alter judgement stating that the court should not have dismissed six of the twenty named defendants.   The plaintiff says Defendants Jungwirth,

Lashbrook, Coder, Gonzales and Anderson all denied his grievance and therefore should remain in the case.  The plaintiff's complaint alleges that these defendants denied his grievance concerning the medical co-payment system.  This claim was dismissed.  There were no other claims clearly stated against these individuals.

The plaintiff's claim that Defendant Hart refused his request for legal assistance was also dismissed.  The plaintiff has failed to state any reason for the court to reconsider this decision.

The court also notes that the plaintiff says he believes Illinois Department of Corrections Director Roger Walker should be a defendant.  The plaintiff did not name Walker as a defendant in his complaint and has failed to state any reason that he should be added.  The motion is denied. [d/e 30]

**IT IS THEREFORE ORDERED that:**

**1) The plaintiff's motions for appointment of counsel are denied. [d/e 3, 16, 37]**

**2) The plaintiff's motion for a temporary restraining order is denied. [d/e 17]**

**3) The plaintiff's motion to alter or amend judgement is denied. [d/e  30]**

Entered this 19th day of September, 2007.

s\Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE