UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

DARRYL DUNCAN,
    Plaintiff,

vs.                                                                        07-4028

GUY PIERCE, et. al.,
    Defendants.

**CASE MANAGEMENT ORDER #2**

This cause is before the court for case management and consideration of the plaintiff's motion for leave to appeal in forma pauperis [d/e 47] and motion for appointment of counsel and motion for a temporary restraining order [d/e 48].

BACKGROUND

The plaintiff, Darryl Duncan, originally filed his complaint pursuant to 42 U.S.C. §1983 against 20 defendants claiming that his constitutional rights were violated in the Illinois Department of Corrections.[1] On July 18, 2007, the court conducted a merit review of the plaintiff's complaint and found the following surviving claims against 10 defendants**:**

    a) Defendants Dr. Rankin and Scott Johnson were deliberately indifferent to the plaintiff's serious medical condition when they refused to reassign the plaintiff to different job on June 5 and June 13 of 2006.

    b) Defendants Collins, Davis, Newton, Ricke, Guy Johnson and Vanwolvelare were deliberate indifference to the plaintiff's serious medical condition on March 12, 2007 in violation of the Eighth Amendment.

    c) Defendants Oleson and Pitts violated the plaintiff's Eighth Amendment rights when they placed him in a cell without running water or toilet facilities on either March 12, 2007 or March 20 to March 23, 2007.

    d) Defendants Dr. Frainey, Dr. Rankin, McNeil, Pierce and Ballard retaliated against the plaintiff for his grievances in violation of the First Amendment. The plaintiff alleges that

---

[1] Although the court's merit review order stated the plaintiff was at Pontiac Correctional Center at the relevant time period of the complaint, it appears the plaintiff was the East Moline Correctional Center.

1

Defendants Dr. Frainey and Dr. Rankin provided false information so the plaintiff would be placed in medical segregation.  Defendants McNeil, Pierce and Ballard denied the plaintiff admission in a work release program.

Defendants Jungwirth, Lashbrook, Coder, Gonzales, Anderson and Hart were dismissed**.** [d/e 12]

On September 19, 2007, the court entered a case management order which denied the plaintiff's motions for appointment of counsel, denied a motion for a temporary restraining order and denied a motion to amend the merit review order. [d/e 40]

MOTION FOR LEAVE TO PROCEED IN FORMA PAPUERIS ON APPEAL

The plaintiff has filed a notice of appeal and a motion for leave to appeal in forma pauperis asking the appellate court to overturn the court's September 19, 2007 Court Order.  A review of the record indicates that the plaintiff has filed an impermissible interlocutory appeal.  Plaintiff filed his motions on October 15, 2007 and November 9, 2007. [d/e 41, 47]  The court has not entered a final judgement in this case.  Further, the plaintiff has stated no basis for allowing an interlocutory appeal pursuant to 28 U.S.C. §1292(b).  The court does not feel that an immediate appeal would materially advance the ultimate termination of the litigation.

The court cannot find a good faith basis for appeal.  Therefore, the court certifies that the plaintiff's appeal was filed in bad faith pursuant to 28 U.S.C.  1915(a)(3).  See *Newlin v. Helman*, 123 F.3d 429, 433 (7th Cir. 1997). The Seventh Circuit has determined that if the district court certifies that an appeal is not taken in good faith, the appellant cannot prosecute the appeal in forma pauperis, but must pay the appellate fees of $455 within 14 days. *Id*. at 434.   If the plaintiff wishes to contest this court's findings, that the appeal is not taken in good faith, he must file a motion with the Court of Appeals seeking review of this court's certification within 30 days after service of this order.  See Fed.R.App.P. 24(a).

MOTION FOR APPOINTMENT OF COUNSEL
AND TEMPORARY RESTRAINING ORDER

The plaintiff has filed another motion for appointment of counsel and temporary restraining order. [d/e 48]   The plaintiff says Defendant Guy Pierce continues to retaliate against him.  The plaintiff says he put in a request for at transfer, but was told a month later that nothing had been submitted.   The plaintiff says his legal mail is being opened, he is denied legal materials and is denied access to the law library.   The plaintiff is asking for an immediate transfer.

The standards for a temporary restraining order and preliminary injunction are identical.  *Graham v. Medical Mutual of Ohio,*130 F.3d. 293, 295 (7th Cir. 1997).  When considering

whether to grant a preliminary injunction, the court must first consider "whether the moving party has demonstrated: 1) a reasonable likelihood of success on the merits, and 2) no adequate remedy at law and irreparable harm if preliminary relief is denied." *Aircraft Ownders and Pilots Ass'n v. Hinson,* 102 F.3d 1421, 1424-25 (7th Cir. 1996). (*internal citations omitted)*. If the moving party has demonstrated those items to the satisfaction of the court, then it must look at: 3) the irreparable harm the non-moving party will suffer if the injunction is granted balanced against the irreparable harm the moving party will suffer if the injunction is denied, and 4) the public interest, i.e., the effect that granting or denying the injunction will have on non-parties." *Id.* The Court of Appeals for the Seventh Circuit had adopted a sliding scale approach where the greater the movant's chances of success on the merits, the less he must show that the balance of hardships tips in his favor. *Ty, Inc. V. Jones Group, Inc.,* 237 F.3d 891 (7th Cir. 2001).

A preliminary injunction is intended to preserve the status quo, but the docket establishes that the plaintiff has now notified the court that he has been moved to the Vienna Correctional Center. It appears that most of the allegations in the plaintiff's complaint occurred at the East Moline Correctional Center. Accordingly, he is no longer under the custody and control of the defendants in this case, and he is not entitled to a temporary restraining order based on his treatment by the defendants. If a prisoner is released or transferred to another prison after he files a complaint, "his request for injunctive relief against officials of the first prison is moot unless 'he can demonstrate that he is likely to be retransferred." *Higgason v. Farley,* 83 F.3d 807, 811 (7th Cir. 1996) *quoting Moore v Thieret,* 862 F.2d 148, 150 (7th Cir. 1988). The plaintiff has not made such a showing, and his transfer renders his requests for a temporary restraining order against the defendants moot. *O'Shea v. Littleton,* 414 U.S. 488, 495 (1974).

The plaintiff is again asking for appointment of counsel "due to Mental History and for compelling purposes, not to mention retaliation issues withing I.D.O.C." (Plain. Mot, p. 1) The plaintiff's concerns of retaliation should be alleviated now that he has been transferred to a different facility. This is the second time the plaintiff has made a vague reference to a "mental history," but he provides no further information.

As the court has indicated in its previous orders, civil litigants have no federal right to appointed counsel. The district court may request appointment of counsel under 28 U.S.C. § 1915(e)(1), but cannot force an attorney to accept appointment. *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir.1997). To decide whether counsel should be requested, the court asks, "'[G]iven the difficulty of the case, [does] the plaintiff appear to be competent to try it himself and, if not, would the presence of counsel [make] a difference in the outcome?'" *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). "Although a good lawyer may [do better than a *pro se* plaintiff], that is not the test, for if it was "'district judges would be required to request counsel for every indigent litigant.'" *Luttrell*, 129 F.3d at 936.

The plaintiff appears competent to proceed *pro se*, based on his submissions and his history of litigation in federal court. Although the case involves the plaintiff's medical

3

treatment, at this point it does not appear so complex that the plaintiff is not competent to proceed pro se.   The court has already granted a motion for the release of the plaintiff's medical records.  The difficulties faced by the plaintiff are the same faced by all pro se prisoners. Perhaps more importantly, the plaintiff has not shown enough factual merit to his claim of deliberate indifference to warrant an inference that counsel would make a difference in the outcome.

**IT IS THEREFORE ORDERED that:**

1)  **The plaintiff's motion to proceed in forma pauperis on appeal is denied. [d/e 47]. The plaintiff  is directed to remit to the clerk of the court the $455 appellate fee within 14 days of the date of this order. <u>The clerk is directed to mail a copy of this order to the plaintiff's place of confinement to the attention of the Trust Fund Office.  The clerk of the court is also directed to send a copy of this order to the United States Court of Appeals for the Seventh Circuit</u>.**

2) **The plaintiff's motion for a temporary restraining order and appointment of counsel is also denied. [d/e 48]**

Enter this 15th day of February, 2007.


s\Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE