UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

DARRYL DUNCAN,
    Plaintiff,

vs.                                     07-4028

GUY PIERCE, et. al.,
    Defendants.

**CASE MANAGEMENT ORDER #3**

This cause is before the court for case management and consideration of various pending motions including: the plaintiff's motions for appointment of counsel [d/e 62, 81]; the plaintiff's motions to stay the proceedings [d/e 69, 74], the plaintiff's motion for an investigation [d/e 80] and the plaintiff's "Motion to Recall the Mandate." [d/e 78]

I. BACKGROUND

The plaintiff, Darryl Duncan, originally filed his complaint pursuant to 42 U.S.C. §1983 against 20 defendants claiming that his constitutional rights were violated in the Illinois Department of Corrections. On July 18, 2007, the court conducted a merit review of the plaintiff's complaint and found the following surviving claims against 14 defendants in their individual capacities**:**

    a) Defendants Dr. Rankin and Scott Johnson were deliberately indifferent to the plaintiff's serious medical condition when they refused to reassign the plaintiff to a different job on June 5 and June 13 of 2006.

    b) Defendants Collins, Davis, Newton, Ricke, Guy Johnson and Vanwolvelare were deliberate indifference to the plaintiff's serious medical condition on March 12, 2007 in violation of the Eighth Amendment.

    c) Defendants Oleson and Pitts violated the plaintiff's Eighth Amendment rights when they placed him in a cell without running water or toilet facilities in March of 2007.

    d) Defendants Dr. Frainey, Dr. Rankin, McNeil, Pierce and Ballard retaliated against the plaintiff for his grievances in violation of the First Amendment. The plaintiff alleges that Defendants Dr. Frainey and Dr. Rankin provided false information so the plaintiff would be placed in medical segregation. Defendants McNeil, Pierce and Ballard denied the plaintiff admission in a work release program.

1

## II.  RENEWED MOTIONS FOR APPOINTMENT OF COUNSEL

The plaintiff has filed additional motions for appointment of counsel. [d/e 62, 81]. The plaintiff again says he has a mental health history, but admits he is not on psycho tropic medications. The plaintiff also says he has some health problems that make it difficult for him to walk.

The court wishes it could appoint counsel for all pro se plaintiffs.   However, the number of lawyers able to take court appointments is very limited.  "Thus, it is simply impossible to accommodate all of the requests of pro se plaintiffs, mostly prisoners, who request a lawyer." *King v. Frank,* 328 F. Supp.2d  940, 951 (W.D.Wis   July 27, 2004).  To decide whether counsel should be requested, the court asks,  "'[G]iven the difficulty of the case, [does] the plaintiff appear to be competent to try it himself and, if not, would the presence of counsel [make] a difference in the outcome?'"  *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995).   "Although a good lawyer may [do better than a *pro se* plaintiff], that is not the test, for if it was "'district judges would be required to request counsel for every indigent litigant.'"  *Luttrell v. Nickel*, 129 F.3d 933,  936 (7th Cir.1997).

As the court has previously noted, the plaintiff appears competent to proceed *pro se*, based on his submissions.  Although the case involves the plaintiff's medical treatment, at this point it does not appear so complex that the plaintiff is unable to proceed pro se.   In addition, the court has already granted a motion for the release of the plaintiff's medical records.  And most importantly, the plaintiff has not shown enough factual merit to his claim of deliberate indifference to warrant an inference that counsel would make a difference in the outcome.

The court notes the plaintiff has also filed a motion asking for an investigation. (Plain Memo, d/e 80)  The plaintiff's motion says he is now in Taylorville Correctional Center and the staff is retaliating against him. The plaintiff says he is in need of an attorney and is not getting proper medical attention.   The motion is denied.   There are no Taylorville defendants in this case and they are not before this court.  In addition, the court notes the plaintiff is no longer in the custody of the Illinois Department of Corrections. [d/e 82]

## III. MOTIONS CONCERNING PREVIOUS APPEAL

On October 15, 2007, the plaintiff filed a notice of appeal. [d/e 41]  The plaintiff apparently did not believe the court conducted a merit review of his complaint since he did not participate in a hearing.  The plaintiff objected to the results of the merit review order dismissing six of his twenty named defendants and objected to the denial of his motion for appointment of counsel.

The plaintiff did not initially file a motion to proceed *in forma pauperis* on appeal. However, when the plaintiff did file this motion, the district court denied it on February 15,

2008, and informed the plaintiff he must pay the appellate filing fee within 14 days. *See* February 15, 2008 Court Order.   The plaintiff instead filed a variety of motions concerning his appeal. [d/e 69, 74, 78].

The plaintiff has first filed a motion to "Stay or Injunction Motion Pending Appeal." [d/e 69].  The plaintiff says he has filed an appeal concerning the district court's denial of his motion for appointment of counsel and the district court's denial of his motion to reconsider the merit review order.   Therefore, he is asking the court to stay the proceedings pending the outcome of his appeal.   The plaintiff is also asking the court to order the release of his medical records and to order that he be examined by an "outside orthopedic doctor." (Plain. Mot. p. 4)

The plaintiff's motion is denied. [d/e 69].  On May 28, 2008, the Appellate Court also advised the plaintiff that his motion to proceed *in forma pauperis* on appeal had been denied and he must pay the docketing fee within 14 days or his appeal would be dismissed for failure to prosecute. [d/e 63]  Instead, the plaintiff filed this motion in the District Court on July 7, 2008.  On July 18, 2008, the Appellate Court dismissed the plaintiff's appeal.   The plaintiff has no pending appeal.

In addition, the plaintiff's current medical care is not the subject of this lawsuit nor does it involved the named defendants.  The plaintiff can request copies of his own medical records and the plaintiff is not entitled to care by the physician of his choice.  Most importantly, the plaintiff is no longer in the custody of the Illinois Department of Corrections. [d/e 82]

The plaintiff's second motion also asks to stay the proceedings and in addition requests sanctions against the defendants. [d/e 74]   The plaintiff accuses the defendants of either failing to comply with discovery requests or tampering with discovery.  He also claims he was transferred due to a false disciplinary ticket and the defendants have retaliated against him.  Finally, the plaintiff says he has not received a copy of his medical records.  The plaintiff again asks the court to order the release of his medical records from 1995 to 2008, to order his examination by an outside orthopedic doctor, order his transfer to a work release center or home monitoring program, and to stay the proceedings pending his appeal.  This motion is denied. [d/e 74].

The plaintiff has not provided any evidence in support of his claims.  The defendants state that they have not received discovery requests from the plaintiff.  The plaintiff has not demonstrated any efforts to obtain his own medical records, nor how records dating back to 1995 are relevant to his claims.  The plaintiff is also no longer in the custody of the Department of Corrections.

The plaintiff's final "Motion to Recall the Mandate" asks the district court to reconsider its denial of his motion to proceed *in forma pauperis* on appeal, denial of his motion for appointment of counsel and review of his complaint.  The motion is denied. [d/e 78]

**IT IS THEREFORE ORDERED that:**

**1) The plaintiff's motions for appointment of counsel are denied. [d/e 62, 81]**

**2) The plaintiff's motions to stay the proceedings and motion for sanctions are denied. [d/e 69, 74]**

**3) The plaintiff's "Motion to Recall the Mandate" is denied. [d/e 78]**

**4) The plaintiff's motion for an investigation is denied. [d/e 80]**

Dated this 23rd day of October, 2008.

s\Harold A. Baker

_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE